NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JESUS ABREU, | : | |
| | : | Civil Action No. 23-10 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Jesus Abreu's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. (ECF Nos. 1.) The Government filed a response to the motion (ECF No. 4), to which Petitioner replied. (ECF No. 10.) For the following reasons, Petitioner's motion is denied and Petitioner is denied a certificate of appealability.

**I.   BACKGROUND**

On March 8, 2022, Petitioner pled guilty to a one count indictment charging him with being a felon illegally in possession of a weapon in violation of 18 U.S.C. § 922(g)(1). (Docket No. 20-580 at ECF No. 42.) That charge arose out of an incident which occurred on January 23, 2020. (PSR at ¶ 10.) On that date, Newark Police officers in a marked patrol vehicle observed Petitioner conduct a narcotics transaction while sitting in the passenger seat of a silver sedan. (*Id.* at ¶ 11.) The officers activated their lights, at which point the sedan sped away, with the chase only concluding when the sedan lost a tire and was forced to stop. (*Id.* at ¶ 12.) Petitioner fled from the vehicle and ran through a park, dropping a number of items including suspected narcotics and

a Cobra FS380 pistol with a defaced serial number. (*Id.* at ¶ 12-13.) As Petitioner had previously been convicted of several felonies, including unlawful possession of a weapon, aggravated assault, and possession with intent to distribute a controlled substance, Petitioner was charged with being a felon in possession of a firearm. (*Id.* at ¶ 1, 15-17.) As part of the plea agreement through which he pled guilty, Petitioner stipulated that he had previously been convicted of felonies that Petitioner knew carried sentences in excess of one year, and that his current firearm possession was in connection with Petitioner's possession with the intent to distribute cocaine. (Docket No. 20-580 at ECF No. 44.)

Petitioner appeared for sentencing on July 27, 2022. (Docket No. 20-580 at ECF No. 48.) In preparation for that sentencing, Probation prepared a presentence report which included a proposed guidelines calculation. In its calculation, Probation determined that Petitioner's base offense level was 24 pursuant to U.S.S.G. § 2K2.1 as Petitioner had previously been convicted of both a crime of violence (aggravated assault with a firearm) and a controlled substance offense. (PSR at ¶ 24.) Probation also recommended a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B) as the firearm in question had an obliterated serial number, and a four level enhancement under U.S.S.G. 2K2.1(b)(6)(B) because the firearm was possessed in connection with drug distribution. (*Id*. at ¶ 25-26.) Coupled with a three level reduction for acceptance of responsibility, this resulted in a total offense level of 29 and a recommended sentencing range of 121 to 151 months imprisonment in light of Petitioner's criminal history, reduced to 120 months in light of the statutory maximum sentence of ten years. (*Id.* at ¶ 86.)

At sentencing, Petitioner's attorney did not object to this calculation. (Docket No. 20-580 at ECF No. 50 at 4, 10-11.) While Petitioner himself sought to take issue at sentencing with the

2

two four level enhancements, he acknowledged that the firearm he possessed had an obliterated serial number. (*Id.* at 12-13.)  Although Petitioner's attorney did not challenge the guidelines calculation contained in the PSR and did not join in Petitioner's attempt to rehash that calculation at sentencing, Petitioner's counsel did make an extensive argument for a downward variance on Petitioner's behalf.  (*Id.* at 5-10.)  This Court ultimately accepted the guidelines calculation contained in the PSR, but, in light of counsel's thorough argument on Petitioner's behalf ultimately granted a variance from that range and sentenced Petitioner to seventy-two months' imprisonment. (*Id.* at 20-27.)  Petitioner did not appeal, and instead filed his current motion to vacate sentence in January 2023.  (ECF No. 1.)

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*,

3

599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

**B.   Analysis**

**1.   An evidentiary hearing is not required to resolve Petitioner's motion**

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).   "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required."  *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546.   Because Petitioner's claims are clearly without merit for the reasons set forth below, no evidentiary hearing is required in this matter.

**2. Petitioner's ineffective assistance of counsel claims**

In his motion to vacate sentence Petitioner presents several claims, all of which assert ineffective assistance of counsel during sentencing.  The standard applicable to such claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687*; see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's

5

> performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

Petitioner first argues that counsel should have challenged his base offense level under guideline section 2K2.1(a)(2) as he believes that his aggravated assault conviction should no longer qualify as a crime of violence sufficient to support his recommended base offense level, relying on *Borden v. United States*, 593 U.S. ---, 141 S. Ct. 1817 (2021), and *United States v. McCormack*, 852 F. App'x 76 (3d Cir. 2021). Petitioner's underlying conviction in question was a violation of N.J. Stat. Ann. § 2C:12-1(b)(4), which criminalizes "[k]nowingly under circumstances manifesting extreme indifference to the value of human life" pointing a firearm at another. To qualify as a crime of violence, this crime would have to have as an element the use, attempted use, or threatened use of physical force against the person of another. *United States. Abdullah*, 905 F.3d 739, 746-47 (3d Cir. 2018). In dealing with a related subsection of the same statute, the Third Circuit in *Abdullah* explained that it is essentially impossible to imagine a set of facts in which one could threaten another with the use of a deadly weapon without engaging in a use of force sufficient to meet the definition of a crime of violence. *Id.* at 749. This is exactly what Petitioner's underlying conviction requires – that he knowingly point a firearm – a deadly weapon – at the person of another in such a fashion that it indicates extreme indifference to the value of human life. Petitioner's underlying crime thus clearly qualifies as a crime of violence under the sentencing guidelines. *Id.*

Neither *Borden* nor *McCormack* alters this conclusion. While the Supreme Court in *Borden* held that, for the purposes of the Armed Career Criminal Act's similar definition for a

crime of violence, a statute requiring a mens rea of ordinary recklessness cannot meet the elements clause requirement of an element requiring the use, attempted use, or threatened use of force, the Court expressly declined to address statutes criminalizing more extreme forms of recklessness such as New Jersey's depraved indifference to human life standard. *Borden*, 141 S. Ct. at 1825 n. 4. *Borden* is thus of at best limited relevance to Petitioner's criminal conduct, which required that he knowingly point a firearm at another, threatening a use of force, under circumstances manifesting depraved indifference to human life. *Id.* Petitioner's conviction remains a crime of violence after *Borden*, and any motion by counsel premised on *Borden* would have been without merit. *See United States v. Williams*, No. 19-134, 2022 WL 2209868, at *1-6 (D.N.J. June 21, 2022) (violation of N.J. Stat. Ann. § 2C12-1(b)(4) qualifies as a crime of violence post-*Borden*). Counsel therefore cannot have been ineffective in failing to raise a motion based on *Borden*. S*ee Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (counsel cannot be ineffective in failing to file a meritless motion); *United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011) (same).

Petitioner's argument premised on *McCormack* fares no better. Even putting aside the non-precedential status of *McCormack*, the Third Circuit in that case overturned a defendant's sentence on direct appeal as the record made it unclear whether the sentencing court had ever actually addressed the defendant's objection to his guidelines calculation as the district court judge had referenced an entirely different guidelines section and made it unclear at best whether the objection had been resolved. *See* 852 F. App'x at 78-80. That is not the case here, and *McCormack* appears to be completely irrelevant to Petitioner's own case. Any motion premised on that case would have been meritless, and serves as no basis for finding counsel ineffective. *Werts*, 228 F.3d at 203; *Aldea* 450 F. App'x at 152.

7

In his remaining claims, Petitioner asserts that counsel was ineffective in failing to challenge his two guidelines enhancements for a defaced serial number and possessing a weapon in relation to drug trafficking based on *United States v. Davis*, 43 F.4th 683 (7th Cir. 2022); *United States v. Bolden*, 964 F.3d 283 (4th Cir. 2020); and *United States v. Cason*, No. 19-4140, 2022 WL 4481686 (6th Cir. 2022). Petitioner does not clarify what argument he wishes counsel had made based on these cases, nor does he present any real argument of his own. None of these cases, however, would have provided a valid basis for challenging Petitioner's sentencing enhancements.

In *Davis*, the Seventh Circuit reversed a sentencing in which a trial judge had accepted Probation's finding of insufficient support for a sentencing enhancement for using a firearm in connection with a shootout but then made a finding that the defendant had intentionally involved himself in the shooting in question, creating an at best conflicting record which had to be resolved on remand. *See* 43 F.4th at 687-88. Petitioner's enhancements suffer from no such issue – Petitioner specifically stipulated that he possessed his firearm in connection with drug distribution, and that concession is well supported by the evidence discovered at the scene of his arrest which included not only the illegally possessed firearm but also controlled substances. (*See* ECF No. 4-1 at 1-8.) No contradiction of the sort found in *Davis* is present in this case, and any objection premised on *Davis* would have been without merit. Counsel was not ineffective for failing to object on this basis. *Werts*, 228 F.3d at 203; *Aldea* 450 F. App'x at 152.

*Bolden* likewise does not provide a clear basis for an objection to Petitioner's sentence. In that case, the Fourth Circuit found on direct appeal that a sentencing judge had committed reversible error when, after agreeing with a criminal defendant that there was no evidence to

8

support finding that he possessed the requisite intent to commit kidnapping sufficient to render his possession of a weapon in relation to a kidnapping, the trial court had "*sua sponte* ruled" that it would apply the same enhancement by finding the possession to be in relation to drug possession without explaining the factual basis for that finding.  964 F.3d at 287-89.  No such issue is present in Petitioner's case – the record well supports both the obliterated serial number and drug possession connection – indeed, Petitioner admitted to the damaged serial number at sentencing and stipulated that he possessed the firearm in relation to drug possession with intent to distribute in his plea agreement.  The basis for Petitioner's enhancements was clear from Petitioner's own admissions and stipulations, and *Bolden* thus serves as no basis for an objection to Petitioner's sentence.  Counsel was therefore not ineffective in failing to object on this basis.  *Werts*, 228 F.3d at 203; *Aldea* 450 F. App'x at 152.

Finally, Petitioner contends that counsel should have objected based on the Sixth Circuit's unpublished decision in *Cason*.  Putting aside the non-precedential value of an out of circuit, unpublished decision, in that case the Sixth Circuit overturned a sentencing in which the trial judge had sentenced the defendant *above the statutory maximum* for the separate crime of transporting, shipping, or receiving a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k).  2022 WL 4481686 at *2-3.  Petitioner was not charged with that offense, and was clearly not sentenced above the statutory maximum in this case.  *Cason* thus provides no basis for a challenge to Petitioner's sentence, and counsel was not ineffective in failing to raise an objection on this basis.  *Werts*, 228 F.3d at 203; *Aldea* 450 F. App'x at 152.  As all of Petitioner's claims are clearly without merit, Petitioner's motion to vacate sentence is denied.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's claims are all clearly without merit and thus are not adequate to deserve encouragement to proceed further, Petitioner is denied a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

    ___s/ Stanley R. Chesler_____
    Hon. Stanley R. Chesler,
    United States District Judge